Citation Nr: 1536767 
Decision Date: 08/27/15 Archive Date: 09/04/15

DOCKET NO. 12-01 719 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical and Regional Office Center in Wichita, Kansas


THE ISSUES

1. Entitlement to service connection for the cause of the Veteran's death.
 
2. Entitlement to dependency and indemnity compensation (DIC) benefits under 38 U.S.C.A. § 1318.


REPRESENTATION

Appellant represented by: Kenneth Carpenter, Attorney 


ATTORNEY FOR THE BOARD

C. D. Simpson, Counsel


INTRODUCTION

The appellant is the surviving spouse of a Veteran who served on active duty from April 1951 to January 1953. The Veteran died in March 2011.

This matter comes before the Board of Veterans' Appeals (Board) by order of the United States Court of Appeals for Veterans Claims (hereinafter "the Court") in April 2013, which granted a joint motion for remand setting aside a July 2012 Board decision as to the service connection cause of death and DIC claims. The appeal as to these issues arose from a July 2011 rating decision by the St. Paul, Minnesota, Regional Office (RO) of the Department of Veterans Affairs (VA).

In August 2013, the Board remanded the appeal for adjudication of an intertwined issue. As detailed below, this issue has not been finally adjudicated by the RO and the Board must again remand the appeal due to the pending adjudicatory actions. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The April 2013 joint motion found that the issue of clear and unmistakable error in a June 18, 1991 RO decision was raised by the record, but not considered in the July 2012 denials by the Board. The Board remanded the issues on appeal for the RO to adjudicate whether the June 18, 1991 RO decision contained CUE. The administrative processing notes indicate that there was confusion as to whether the Board instructed the RO to issue a supplemental statement of the case (SSOC) or a separate rating decision on the matter. In January 2015 correspondence, a Board Management, Planning and Analysis representative responded that a separate decision was appropriate.

The RO issued an April 2015 decision finding that the June 18, 1991 RO decision did not contain CUE. In August 2015, a notice of disagreement was submitted with an attachment clearly challenging the April 2015 decision. While the originating agency indicated that the notice of disagreement was inadequate because the issue being challenged was not on the form itself, the Board finds that it is adequate and that a statement of the case should be issued. 

In this instance, the Board must again defer adjudication until the pending RO adjudication is fully completed.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

The RO should issue a statement of the case regarding the matter of CUE in the June 18, 1991 RO decision. Only when the April 2015 RO decision is either perfected for appeal or the remaining appeal period has expired, return the appeal to the Board. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
THOMAS J. DANNAHER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).